UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS,

        Plaintiff,

                                CASE NO. 08-CV-10567
v.                                 HONORABLE GEORGE CARAM STEEH

U.S. MARSHALS SERVICE, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

Before the Court is Plaintiff Sherman Pegross's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Narcotics Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff states that he is a pre-trial detainee who has been housed at the Federal Correctional Institution in Milan, Michigan ("FCI Milan") and several state county jails, including the Wayne County Jail ("WCJ") in Detroit, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.

In his complaint, Plaintiff sues the United States Marshal's Service and three Wayne County Jail employees identified as Deputy Schaaf, Deputy Belknap, and Sergeant Christnagel. Plaintiff alleges that the Marshal's Service has failed to promptly return him to FCI Milan following court appearances and that the WCJ employees improperly confiscated his personal property and verbally harassed him. He also complains about the WCJ booking process and conditions of confinement. He seeks monetary damages and injunctive relief. Having reviewed

1

the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and on the basis of immunity.

II.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal.

III.

As noted, Plaintiff names the United States Marshal's Service as a defendant in this action. Plaintiff's allegations against the Marshal's Service are frivolous and fail to state a claim upon which relief may be granted because the Marshal's Service is a federal agency. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff has not shown that the Marshal's Service has waived sovereign immunity. Accordingly, his complaint against the

2

Marshal's Service must be dismissed.[1]

IV.

Plaintiff also names three Wayne County Jail employees as defendants in this action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

Plaintiff alleges that the WCJ employees confiscated his personal property, such as food and hygiene items, upon his arrival at the jail. To the extent that Plaintiff asserts an intentional deprivation of property without due process, he fails to state a claim upon which relief may be granted. In a civil rights action alleging the deprivation of property without procedural due process, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate . . . the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983); *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). The plaintiff must prove the due process element, the inadequacy of state processes, even if the property deprivation was intentional. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Vicory*, 721 F.2d at 1065. Plaintiff has not done so in this

---

[1]Plaintiff asks the Court to construe his complaint as a federal tort claim if the complaint is insufficient for any reason. In *McNeil v. United States*, 508 U.S. 106 (1993), the United States Supreme Court held that 28 U.S.C. § 2675(a) of the Federal Tort Claims Act ("FTCA"), which provides that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied," prevents a plaintiff from bringing an FTCA action in federal court until the federal agency has denied the plaintiff's claim. Plaintiff has not shown that he has formally presented his complaint to the appropriate federal agency, or that any such claim has been denied. Therefore, the Court shall not construe Plaintiff's complaint as one brought under the FTCA.

3

case. Moreover, Plaintiff admits that at least some of his personal property items were returned to him when he complained to jail officials. Consequently, Plaintiff's claim regarding the loss of his property must be dismissed.

Plaintiff also appears to allege that the WCJ employees engaged in acts of verbal harassment and threats. It is well-established, however, that allegations of harassment and verbal threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen*, 109 Fed. Appx. 64, 65 (6th Cir. 2004); *see also Carney v. Craven*, 40 Fed. Appx. 48, 50 (6th Cir. 2002) (verbal threats made in retaliation for filing grievances are not actionable). While the Court does not condone the alleged conduct complained of, it nonetheless concludes that Plaintiff's allegations regarding verbal harassment and threats do not state a claim under § 1983 and must be dismissed.

Lastly, Plaintiff complains about the WCJ booking process and conditions, such as the provision of personal hygiene items and blankets, the food service, and visitation policies, asserting a violation of his Eighth Amendment rights. Plaintiff's claims as to these matters, however, must be dismissed. Plaintiff names three WCJ employees as defendants in this action. He has not, however, alleged any facts to show that those defendants are personally responsible for the booking process, the food service, or visitation policies at the WCJ. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995). Plaintiff has

4

failed to do so as to the WCJ employees in this regard. Accordingly, Plaintiff's claims against defendants Schaaf, Belknap, and Christnagel must be dismissed.

V.

For the reasons stated, the Court concludes that the United States Marshal's Service is immune from suit and that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to the WCJ employees named as defendants in this action. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint. To the extent that Plaintiff seeks to challenge the booking process, food service, or visitation policies at the Wayne County Jail, this dismissal is without prejudice to the filing of such an action naming the proper defendant(s).

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

Dated: April 8, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 8, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk